**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JULIO GARCIA and CECILIA
GARCIA,

      Plaintiffs,

v.                                                                   Case No. 3:15-cv-725-J-32PDB

ROYBAR, LLC, a New York limited
liability company,

      Defendant.

_____

### O R D E R

This case arises out of a defaulted residential mortgage that was the subject of a Chapter 13 bankruptcy proceeding wherein Plaintiffs Julio and Cecilia Garcia abandoned their interest in the property securing repayment of a loan to Defendant-Counterclaimant Roybar, LLC. [1] On January 12, 2016, the parties reached a settlement contingent upon the Court entering a non-final partial judgment establishing Roybar's right to foreclose its mortgage and reserving jurisdiction to determine the amount due and the date of the foreclosure sale. (Doc. 20). To facilitate settlement, Roybar has filed the pending motions for default judgment and non-final summary judgment. (Docs. 36, 44).

---

[1] The bankruptcy case was filed in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, Case No. 13-bk-02344-PMG. (Doc. 8 at 3).

## I.   BACKGROUND

In June 2005, the Garcias executed and delivered a promissory note to First Franklin, A Division of National City Bank of Indiana, with a principal amount of $330,000 plus interest (the "Note"). (Doc. 36 at 2). To secure payment, the Garcias executed and delivered to First Franklin a mortgage dated June 24, 2005 (the "Mortgage"), which was recorded in Official Records Book 2560 at Page 594 in the public records of Clay County, Florida on July 12, 2005 and encumbers the Garcias' interest in the property at issue, 1921 Holly Oaks Drive, Orange Park, Florida 32065 (the "Property"). (Id.; Doc. 1 at 2).

The Note and Mortgage were eventually assigned to Roybar pursuant to an Assignment of Mortgage dated August 7, 2009, and Roybar hired Levites Realty Mortgage Servicing to service the loan. (Doc. 36 at 2). Since that time, Roybar has held the Note and Mortgage and has not assigned or transferred its interest. (Id.).

On June 17, 2015, the Garcias filed this action against Roybar, alleging servicing abnormalities. (Doc. 1). Roybar answered and filed a counterclaim seeking foreclosure of the Mortgage. (Doc. 8). The parties settled the case (Doc. 20), and thereafter, Roybar filed an amended counterclaim joining as Counterclaim Defendants Wells Fargo Dealer Services, Inc. and Oakleaf Plantation Property Owners Association, Inc. (Doc. 24). Roybar states that Wells Fargo has a judgment lien recorded on the Property, and Oakleaf has certain restrictions, covenants, conditions, and easements that encumber and may affect the Property.[2] (Doc. 36 at 3).

---

[2] Roybar states that Oakleaf has not recorded a lien on the Property. (Doc. 36

Roybar moved for default judgment against Wells Fargo (Doc. 44) and non-final summary judgment against all parties (Doc. 36). The Garcias and Oakleaf filed notices of non-opposition of the motion for summary judgment. (Docs. 37, 43). In addition, Wells Fargo has not appeared in this case, rendering both of Roybar's motions unopposed.

## II.     STANDARD OF REVIEW

### A.      Default Judgment

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a defaulted defendant is only deemed to admit the plaintiff's well-pled allegations of fact. Id. Furthermore, a default judgment bars the defendant from contesting those facts on appeal. Id. Therefore, before entering a default judgment for damages, a court must ensure that the well-pled allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. Id. "Once liability is established, the court turns to the issue of relief." Enpat, Inc. v. Budnic, 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the

---

at 5-6).

truth of any allegation by evidence, or investigate any other matter." <u>Enpat</u>, 773 F. Supp. 2d at 1313 (citing Fed. R. Civ. P. 55(b)(2)).

### B.      Summary Judgment

Summary judgment is proper where "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The burden of demonstrating the satisfaction of this standard lies with the movant, who must present pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that establish the absence of any genuine material, factual dispute." <u>Branche v. Airtran Airways, Inc.</u>, 342 F.3d 1248, 1252-53 (11th Cir. 2003) (internal quotations omitted). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-movant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986).

In determining whether summary judgment is appropriate, a court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. <u>See</u> <u>Centurion Air Cargo, Inc. v. United Parcel Serv. Co.</u>, 420 F.3d 1146, 1149 (11th Cir. 2005). However, "Rule 56 mandates the entry of summary judgment, upon motion, against a party who fails to make a showing sufficient to establish an element essential to his case on which he bears the burden of proof at trial." <u>Schechter v. Ga. State Univ.</u>, 341 F. App'x 560, 562 (11th Cir. Aug. 12, 2009) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986)).

## III.    MOTION FOR DEFAULT JUDGMENT

Roybar moves for default judgment against Wells Fargo under Federal Rule of Civil Procedure 55(b)(2) on the grounds that Wells Fargo has failed to appear, plead,

or respond to Roybar's counterclaim for foreclosure. (Doc. 44). Roybar does not seek monetary damages against Wells Fargo but instead requests that the Court enter a judgment that any interest Wells Fargo has in the Property be deemed inferior to Roybar's interest and may be foreclosed when the Court enters its final judgment of foreclosure.

Roybar alleges in its Verified Amended Counterclaim for Foreclosure that while Wells Fargo may have some claim or demand to the property by virtue of a Final Summary Judgment recorded in Official Records Book 3329 at Page 175, that interest is inferior, subordinate, and subject to Roybar's Mortgage. (Doc. 24 at 7). Wells Fargo appears to have been properly served with the verified amended counterclaim and summons. (Doc. 26). In addition, clerk's default was entered against Wells Fargo on April 26, 2016. (Doc. 41). Finally, although Roybar served Wells Fargo with the motion for default judgment, Wells Fargo has not filed a response. On this record, Roybar is entitled to default judgment on its foreclosure claim against Wells Fargo.

## IV.   MOTION FOR NON-FINAL SUMMARY JUDGMENT

Roybar's motion for non-final summary judgment on the Garcias' claims and its counterclaim for foreclosure against the Garcias, Wells Fargo, and Oakleaf is unopposed. The Garcias and Oakleaf filed notices of non-opposition to the motion (Docs. 37, 43), and Wells Fargo is in default, supra Part III.

Given the Garcias' non-opposition, the Court finds that summary judgment is appropriate in favor of Roybar and against the Garcias on all of the claims raised in the complaint (Doc. 1) and in favor of Roybar on its counterclaim for foreclosure (Doc. 24). Further, summary judgment is also appropriate against Oakleaf in light of its

notice of non-opposition. Finally, summary judgment is appropriate against Wells Fargo following its default.

**ORDERED:**

1.    Roybar's Application for Entry of Default Judgment Against Wells Fargo Dealer Services, Inc. (Doc. 44) is **GRANTED**.

2.    The Clerk shall enter default judgment in favor of Counter-Claimant Roybar, LLC and against Counter-Defendant Wells Fargo Dealer Services, Inc. on Roybar's counterclaim for foreclosure, whereby Wells Fargo's interest in 1921 Holly Oaks Drive, Orange Park, Florida 32065 is deemed inferior to Roybar's interest and may be foreclosed when the Court enters its final judgment of foreclosure.

3.    Plaintiff and Roybar's Agreed Non-Final Motion for Summary Judgment, to which Oakleaf is not opposed, (Doc. 36), is **GRANTED**.

4.    Roybar shall file its motion for entry of final judgment of foreclosure and email a Microsoft Word version of its proposed final judgment of foreclosure to chambers_flmd_corrigan@flmd.uscourts.gov by **August 1, 2016**.

5.    Roybar shall send Wells Fargo a copy of this Order.

**DONE AND ORDERED** in Jacksonville, Florida the 27th day of June, 2016.


TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record

6